IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **J.F., by and through his parents and next friends, M.F. and I.F.** | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) ) |
| **Board of Education of the City of Chicago, District No. 299** | ) ) ) ) |
| **Defendant.** | ) ) |

Case No. 21-cv-2270

**COMPLAINT FOR ATTORNEYS' FEES**

NOW COME PLAINTIFFS M.F. and I.F. individually and as next friends of J.F., a child with a disability, by and through their attorneys, Whitted Takiff, LLC, and as their Complaint for Attorneys' Fees, state as follows:

**INTRODUCTION**

1. This cause of action arises from the efforts of M.F. and I.F., parents of J.F. ("Parents" or "Plaintiffs"), to enforce the right of their son to a free appropriate public education ("FAPE").

2. This action is brought following the administrative decision issued by Impartial Hearing Officer Mary Jo Strusz ("IHO") on September 29, 2020 after a four-day special education due process hearing pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* The Parents seek recovery of attorneys' fees as the

prevailing party in the administrative proceeding. (*See* a redacted copy of the Final Determination and Order, attached as **Exhibit A).**

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2).

4. Venue is properly situated in this Court because the acts complained of occurred and the parties reside in, or do business in, the Northern District of Illinois.

## PARTIES

5. J.F. requires special education services stemming from his Autism Spectrum Disorder and Attention Deficit/Hyperactivity Disorder (AD/HD).

6. M.F. and I. F. ("Parents") are the parents of J.F.

7. At all times pertinent, the Parents have been legal residents of Chicago, Illinois, and taxpayers in Chicago Public Schools District 299.

8. Defendant Board of Education of the City of Chicago (referred to herein as the "District," "Chicago Public Schools," "CPS," or the "Board of Education") is a body politic and corporate organized pursuant to the Illinois School Code and is situated in Chicago, Illinois. By federal and state law, District 299 is responsible for ensuring that students with disabilities residing within its District are provided with a free and appropriate public education ("FAPE"). 20 U.S.C. § 1415(a); 105 ILCS § 5/14-1 *et seq.*

## APPLICABLE LAW

9. The IDEA, 20 U.S.C. § 1400 *et seq.*, was enacted to ensure that all children with disabilities in the United States are provided with FAPE. 20 U.S.C. § 1414(d).

10. A FAPE is defined in IDEA as special education and related services provided at public expense, under public supervision and direction, and without charge that is provided in conformity with the child's Individualized Education Program ("IEP"). 20 U.S.C. § 1401(9); 34 CFR § 300.17, § 300.39.

11. The IDEA provides parents with a right to a due process hearing concerning any matter related to the identification, evaluation, or educational placement of a child with a disability. 20 U.S.C. § 1415(f)(3).

12. The Impartial Hearing Officer ("IHO") must issue a written decision within ten (10) days after the conclusion of the hearing. 105 ILCS § 5/14-8.02a; 23 Ill. Adm. Code § 226.670.

13. The School District must either appeal the IHO's decision in a civil action or comply with the order. 105 ILCS § 5/14-8.02a(i); 23 Ill. Adm. Code § 226.675.

14. The IHO does not retain jurisdiction to enforce his or her ruling. 23 Ill. Adm. Code § 226.675.

15. If parents are the prevailing party in a due process hearing, they are entitled to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

16. Attorney fees may be awarded for an attorney's attendance at an IEP meeting if the meeting was convened because of a due process proceeding. 34 CFR §300.517(c)(2)(ii).

17. The procedures delineated at Local Rules of the United States District Court Northern District of Illinois, specifically Rule 54.3 "Attorney's Fees and Related Non-taxable Expenses" provide the process for negotiation when a party is seeking attorney's fees.

18. When the procedures set forth in Local Rule 54.3 can't be followed within the requisite time limits or when one or more of the parties fail to provide information required by the rule, a motion for instructions may be filed. L.R. 54.3 (g).

19. The court may upon motion or its own initiative, modify any time schedule provided for in Local Rule 54.2. *Id*.

**FACTS**

20 The Parents requested a due process hearing, pursuant to the IDEA and the Illinois School Code, on June 1, 2020.

21. The Parents filed a second request for a due process hearing, pursuant to the IDEA and the Illinois School Code, on August 12, 2020.

22. The Parents made a motion to consolidate the complaints on August 14, 2020 which the IHO granted consolidating the actions on August 21, 2020.

23. Despite settlement negotiations, the parties were not able to reach an agreement.

24. An administrative due process hearing was held on September 10, 11, 14 and 15 via Zoom and using a remote Spanish language interpreter.

25. The hearing officer issued a decision on September 29, 2020, in which she determined that the District had denied J.F. a FAPE and granted the Parents their requested relief including prospective placement at a therapeutic day school, transportation, reimbursement for the private psychological evaluation, multiple private evaluations to be completed within specific time frames, involvement of each of these private evaluators in drafting J.F.'s IEP, ACCESS testing and compensatory education consisting of twenty-five hours of weekly ABA services for up to a year. (*See* **Exhibit A**.)

26. The relief provided in the Final Determination and Order substantially exceeded that in the District's Settlement Offer of August 18, 2020. (*See* **Exhibits A and B**).

27. On October 3, 2020, both the Parents and Chicago Public Schools separately requested clarification of the IHO's Order.

28. On October 8, 2020, the IHO issued her decision on both clarification requests. (*See* **Exhibit C**).

29. Chicago Public Schools did not appeal the IHO's decision.

## COMPLAINT FOR ATTORNEY FEES

30. Plaintiffs repeat and re-allege paragraphs 1 through 29 herein by reference.

31. The IHO ruled in favor of the parents that Chicago Public Schools denied J.F. a FAPE. Further, the Parents obtained all the relief sought in their hearing request, to wit, prospective placement at a therapeutic day school that provided ABA services and transportation, reimbursement for the private psychological evaluation, multiple private evaluations at district expense with the involvement of the evaluators in drafting J.F.'s IEP, as well as compensatory education. (*See* **Exhibit A**).

32. By virtue of obtaining such relief, the Plaintiffs are the prevailing party in this matter.

33. As prevailing party, Plaintiffs are entitled to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

34. Chicago Public Schools has not contested that the Plaintiffs are the prevailing party or that they obtained substantially all of the relief that they requested.

35. The Plaintiff's attorney's fees and costs are reasonable and are consistent with the rates prevailing for the kind and quality of services furnished. Affidavits supporting the

reasonableness of their attorneys' fees from two (2) area attorneys who practice special education law are attached and incorporated herein by reference. **(See Exhibit "D").**

36. The amount of time spent by counsel for the Parents in prosecuting this matter is reasonable given the number and complexity of the issues involved, the dilatory actions/non-action of the lead Chicago Public Schools' attorney, including her not being prepared and other delays and hindering tactics of counsel for Chicago Public Schools as well as the fact that the hearing was to be held remotely and with off-site language interpretation.

37. This hearing was the IHO and both counsel's first due process hearing held remotely through Zoom.

38. In addition to the additional preparation involved in making the shift from an in-person to a remote hearing, the IHO requested that a person from Ms. Weiss' office be separately stationed to watch the Parent to then be able to advise her if there were problems with access to interpretation and so if the hearing needed to be paused.

39. Ms. Patino, a paralegal at Whitted Takiff LLC, served in this role and in fact, so advised the IHO several times during hearing.

40. Ms. Patino also handled the electronic exhibits including, but not limited to, submitting them on Zoom during testimony during the four-day hearing.

41. Ms. Ali-Andani and Mr. Takiff alternated serving as second-chair to Ms. Weiss during trial, including, but not limited to, preparing witness examination questions, compiling the case law requested by the IHO, with Mr. Takiff responsible for conducting the closing argument and researching and compiling the case law requested by the IHO. (Their Entries of Appearance are attached as **Exhibit E).**

42. Chicago Public Schools had 2 attorneys (Cecelia Blue and John Anders) participating in many of the status calls preceding hearing, 3 counsel participating in the first 3 days of hearing (Cecelia Blue, John Anders and Marlene Fuentes) and on the last day, a 4th attorney (Hazel Koshy) was added. (Their Entries of Appearance are attached as **Exhibits F and G**).

43. There are no special circumstances that would render the award of Plaintiffs' full request unjust, nor are the fees requested excessive.

44. Plaintiffs have incurred at least $175,000 in legal fees plus costs to date to prosecute this matter. That amount does not include all the fees incurred to implement the hearing officer's order or to bring this action for recovery of fees.

45. Pursuant to Local Rule 54.3, on February 5, 2021 the Plaintiffs sent a demand for attorneys' fees to the Board of Education, including an itemized statement of fees incurred. (*See* **Exhibit H**).

46. A demand for subsequent billing incurred in February and March 2021 were also submitted to Chicago Public Schools. (*See* **Exhibits I and J**).[1]

47. On March 25, 2021, Elizabeth Barton of the Board of Education of the City of Chicago Law Department provided a substantive response to the Plaintiff's February 5, 2021 fee demand. (*See* **Exhibit K**).

48. In its Response, Chicago Public Schools acknowledged that the Parents were the prevailing party, that $77,387.05 in fees were appropriately billed, and that there was no percentage of success reduction. It further made multiple broad objections to Plaintiff's counsel's billing without identifying the correlating time entries to the objections. (See **Exhibit K**).

---

[1] Billing cover letters are attached as Exhibits H, I and J. The detailed billing statements contain personally identifiable information so a request will be made to file them under seal.

49. These broad objections[2] contested virtually every aspect of the billing, including for interoffice conferences, block billing, billing for additional attorneys and paralegals that participated during trial other than Deborah Weiss, rates of the attorneys and paralegals, unnecessarily increased proceedings, time related to mediation, time spent preparing for Pre-Order IEP meetings, time related to FOIA requests, the calculation of legal fees and copying costs.

50. The District also claims that the bulk of the fees were claimed after the receipt after a written settlement offer even as the relief obtained by the Parent was substantially more favorable than the settlement offer. (*See* **Exhibits A and K**).

51. In an attempt to clarify and narrow the issues, on March 26, 2021, pursuant to the instructions of Local Rule 54.3, the Parents provided Chicago Public Schools with a supplemental response to address the concerns raised in its March 25, 2021 letter as well as the provision of follow up information. (*See* **Exhibits L**, **M and N**).

52. On April 13, 2021 Chicago Public Schools provided a partial response to the Plaintiff's April 6, 2021 letter (**Exhibit N**) omitting responses to most of the concerns and questions raised by the Parents making it difficult to determine what issues remained and to move a resolution of this matter forward. (*See* **Exhibit O**).

53. On April 19, 2021, the Plaintiff's provided specific responses to Chicago Public School's April 13th response letter including a reduction of $1,567.75 for administrative work and addressing the concerns raised with a single block billing entry and the reasonableness of intra-office conferences. (*See* **Exhibit P).**

---

[2] The time entries attached to these broad objections were unspecified.

54. On April 20, 2021, a copy of the Affidavit of Charles Fox attached hereto as Exhibit D was provided to the District to address their request for recent affidavits about billing rates. (*See* **Exhibit Q**).

55. To date, the District has not provided a response to this affidavit or the billing rates of the counsel for Plaintiff nor has it addressed the information or reductions provided by the Parents.

56. Much of the responsive information provided by the Parents to respond to the District's billing concerns remain unanswered, nor was their counsel's billing provided, and as such, there has been only minimal progress on narrowing the actual issues within Plaintiff's billing much less its basis for allowing only $77,387.05 in fees, if that. (See **Exhibits K, L, M, N, O and P**).

57. On April 26, 2021, pursuant to Local Rule 54.3(g), counsel for Chicago Public Schools provided input into the Joint Statement. Defendant's input is inconsistent with previously provided responses to Plaintiffs' billing and the back and forth that took place and so does not reduce the number of issues outstanding.

58. The Parents prevailed on the claims in their Due Process Complaints and substantially obtained the relief sought. As such they are entitled to recovery of reasonable attorney's fees pursuant to 20 U.S.C. Sec. 1415(j).

59. The parents seek an award of $189,282.50 based upon the following charges rendered by the staff of Whitted Takiff LLC, $3,501.25 in costs and pre-and post-judgment interest.

| | | | |
|---|---|---|---|
| Deborah Weiss | $350 | 338.26 hours = | $126,510.00 |
| Neal Takiff | $375 | 70.35 hours = | $ 28,240.00 |

| | | | | |
|---|---|---|---|---|
| Shermin Ali-Andani | $325 | 26.50 hours = | $ 8,612.50 |
| E.Grace Patino | $200 | 119.90 hours = | $ 22,170.00 |
| Laura O'Connor | $200 | 19.95 hours = | $ 3,501.25 |

WHEREFORE, the Parents pray that this Court:

1) Find that Plaintiffs were the prevailing party in the administrative proceeding against the Board of Education of the City of Chicago;

2) Award reimbursement against the Board of Education to Plaintiffs for all attorneys' fees and costs incurred up through the due process hearing and Final Determination and Order;

3) Award reimbursement against the Board of Education to Plaintiffs for all attorneys' fees and costs incurred after the Final Determination and Order incurred to comply with the Order;

3) Award reimbursement against the Board of Education and/or ISBE for Plaintiffs' fees and costs incurred in obtaining reimbursement from the Board of Education for Plaintiff's fees and costs, including, but not limited to, bringing this action;

4) Pre- and post- judgment interest; and

5) Grant any other relief this Court deems just.

This 27th day of April, 2021.

Respectfully submitted,

/s/ Deborah F. Weiss

10

        Deborah F. Weiss

        /s/ Neal E. Takiff
        Neal E. Takiff

Whitted Takiff, LLC
1200 Shermer Road, Suite 400
Northbrook, IL 60062
Phone: 847-564-8662
Fax: 847-564-8419
dweiss@whittedtakifflaw.com
ntakiff@whittedtakifflaw.com