IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.F., by and through his parents and next friends, M.F. and I.F. <br><br> Plaintiffs, <br><br> vs. <br><br> Board of Education of the City of Chicago, District No. 299 <br><br> Defendant. | ) ) ) ) ) ) ) Case No. 21-cv-2270 ) ) ) ) ) ) ) |

**MOTION FOR INSTRUCTIONS**
**PURSUANT TO LOCAL RULE 54.3**

COMES NOW PLAINTIFFS M.F. and I.F. individually and as next friends of J.F., a child with a disability, by and through their attorneys, Whitted Takiff, LLC, and hereby makes this Motion for Instructions pursuant to Northern District of Illinois Local Rule 54.3(g), and in support states as follows:

1. On September 29, 2020, the Parents prevailed at a special education due process hearing. **(Exhibit A).**

2. Pursuant to 20 U.S.C. Section 1415 and Local Rule 54.3, on February 5, 2021 the Plaintiffs sent a demand for attorneys' fees to the Board of Education, including an itemized statement of fees incurred. (**Exhibit B**).

3. That letter included a statement to the effect that should agreement not be reached on fees within the timeframe delineated at Local Rule 54.3 of the United States District Court Northern District of Illinois that information on Chicago Public Schools' ("CPS" or "District") legal fees should be provided. The letter went on to describe the requested

information to be provided as the total attorney's fees paid, billed but unpaid and unbilled but expected to be billed, along with time and work records, evidence of hourly rates paid and specific expenses incurred in conjunction with the litigation along with any evidence that will be used to oppose the requested hours, rates and/or related non-taxable expenses.

4. This information is required to be provided in the event that there is not an agreement on fees between the parties within a twenty-one (21) day time frame.

5. No response from CPS to this letter was received within the twenty – one (21) day time-frame.

6. To date, CPS has not provided its billing or any evidence that it will use to oppose the requested hours, rates and/or related non-taxable expenses.

7. On March 15, 2021 a supplemental fee request was submitted to CPS for billing after the submission of the initial request. **(Exhibit C).**

8. On March 25, 2021, Elizabeth Barton of the Board of Education of the City of Chicago Law Department on behalf of CPS provided its response to the Plaintiff's February 5, 2021 fee demand. (**Exhibit D**).

9. In its responsive letter, CPS acknowledged that the Parents were the prevailing party, that $77,387.05 in fees were appropriately billed, and claimed no percentage of success reduction. CPS then proceeded to make broad objections to eleven (11) areas of Plaintiff's counsel's billing. (**Exhibit D**).

10. No specific time entries corresponding to CPS' objections were identified in this letter. (**Exhibit D**).

11. CPS' broad objections including disputing any billing after a September 18, 2020 Settlement Offer[1] and virtually every aspect of billing before and after that, including, but not limited to, billing for interoffice conferences, block billing, billing for additional attorneys and paralegals that participated during trial other than Deborah Weiss, rates of the attorneys and paralegals, billing for administrative and non-legal tasks, duplicative billing, preparation for pre-Order IEP meetings, time related to FOIA Requests, participation in mediation, calculation of legal fees and copying costs. **(Exhibit D).**

12. Even so, on March 26, 2021 counsel for the Parents provided a response to the broad objections contained in the March 25th letter, including addressing broad objections and requesting copies of counsel's billing and more information on the specific entries that were objectionable. **(Exhibit E).**

13. On March 31, 2021 counsel for parents and CPS spoke. In that conversation, counsel for CPS stated not to worry about the block billing objections and that any prior affidavit or citation of case where billing rate was accepted would suffice. Subsequent to that conversation, examples of prior cases where Deborah Weiss' billing rate was agreed to by CPS, approved by the court along with an older, and then current, fee affidavit were provided. (**Exhibits F and G**).

14. On April 6, 2021, a supplemental response was provided to CPS further addressing the objections it shared on March 25, 2021. **(Exhibit H).**

15. On April 20, 2021 a fee demand for billing in March 2021 were also submitted to Chicago Public Schools. **(Exhibit I).**

---

[1] The relief obtained by the Parents at hearing substantially exceeded that in the August 18, 2020 Settlement Offer. Parents responded to CPS' on this point; responsive correspondence from CPS has not addressed it. **(Exhibit E).**

16. On April 13, 2021 Chicago Public Schools provided a partial response to the Plaintiff's April 6, 2021 letter. (**Exhibit J**).

17. This response addressed block billing and internal communications, although did not identify any specific entries with which it had an issue, as well as administrative and non-legal tasks, identifying 17 entries at issue. It again requested affidavits for all biller's rates. (**Exhibit J**).

18. The response failed to address most of the Parents' responses in their March 26 and April 6, 2021 letters as well as failed to provide the information required by Local Rule 54.3.

19. The result being that Plaintiff was unable to address issues with any specific billing entries beyond the 17 administrative and non-legal tasks that were identified.

20. On April 19, 2021, the Plaintiff's provided specific responses to CPS's April 13th letter including a reduction of $1,567.75 for administrative work, addressing the concerns raised with a single block billing entry and the reasonableness of the billed intra-office conferences. (**Exhibit K).**

21. Even as the Parents disagreed that affidavits supporting their requested billing rates was specifically required by L.R. 4.3, on both March 31 and April 20, 2021, information was provided to the District to address their request for recent affidavits about billing rates. (**Exhibits F and G**).

22. To date, there has been no response from CPS as to whether they are accepting or contesting Plaintiff's counsel's billing rates.

23. To date, CPS has not substantively addressed the information or reductions provided by the Parents.

24. To date, CPS has not provided any specific objections to either of the supplemental fee petition submissions, such as post-Order IEP meetings.

25. On April 26, 2021, pursuant to Local Rule 54.3(g), counsel for Chicago Public Schools provided input into the Joint Statement. Defendant's input is inconsistent with previously provided responses to Plaintiffs' billing and the communication that took place pursuant to Local Rule 54.3 leading up to the filing of Plaintiff's Complaint.

26. The procedures delineated at Local Rules of the United States District Court Northern District of Illinois, specifically Rule 54.3 "Attorney's Fees and Related Non-taxable Expenses" provide the process for negotiation when a party is seeking attorney's fees. When the procedures set forth in Local Rule 54.3 can't be followed within the requisite time limits or when one or more of the parties fail to provide information required by the rule, a motion for instructions may be filed. L.R. 54.3 (g). Additionally, the Court may upon motion or its own initiative, modify any time schedule provided for in Local Rule 54.2. *Id*.

27. Here the District made broad objections to virtually all the billing by Plaintiff's counsel without delineating specific entries for each of the objections to be addressed. Additionally, on March 26, 31 and April 18th, the Parents offered additional information to CPS in response to its objections, but even so, no responsive information addressing that information was provided by CPS. As a result, the communication required by LR 54.3 to narrow the issues has not occurred.

28. In addition, Defendant failed to respond within the delineated timeframes and provide the required information about its own billing much less substantively respond to the

responsive information and reductions provided by the Parent. As a result, we are here before the Court with virtually no areas of agreement regarding Plaintiff's billing.

## CONCLUSION

Before the parties engage in the motion for summary judgment process on the 12 areas of challenge by the District[2], on an amount that exceeds $100,000, we submit that it is important for CPS to provide substantive responses to the information previously provided, and requested, from them in a good faith attempt to resolve as many issues as possible before resolution by the Court. To do so, instructions from this Court are necessary and so sought pursuant to Local Rule 54.3(g).

WHEREFORE, the Parents pray that this Court order CPS to produce its counsel's billing, any information that it will use to challenge the Parents' counsel's rates and expenses, as well as set a schedule for the responsive information and attempt to narrow the issues required by LR. 54.3.

This 13th day of May, 2021.

Respectfully submitted,

/s/ Deborah F. Weiss_____
Deborah F. Weiss

/s/ Neal E. Takiff_____
Neal E. Takiff

Whitted Takiff, LLC
1200 Shermer Road, Suite 400
Northbrook, IL 60062
Phone: 847-564-8662
Fax: 847-564-8419
dweiss@whittedtakifflaw.com
ntakiff@whittedtakifflaw.com

---

[2] The Joint Statement asserts 12 areas of disagreement as CPS added post-Order IEP meetings to it even as that objection was not made in any of the prior correspondence.